**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DONALD J. SOUSA,

         Plaintiff,

   vs.

CHIPOTLE MEXICAN GRILL, LLC,

        Defendant.

Case No. 1:23-CV-00811

<u>**NOTICE OF REMOVAL**</u>

Defendant Chipotle Mexican Grill, Inc. ("Chipotle"),[1] by and through the undersigned counsel, and pursuant to 28 U.S.C §§ 1332, 1441 and 1446, hereby files this Notice of Removal of the above-styled action, originally filed in the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico, to the United States District Court for the District of New Mexico. In support of removal, Chipotle provides the following "short and plain statement of the grounds for removal." 28 U.S.C 1446(a).[2]

**I.    NATURE OF THE ACTION**

1.    On or about August 16, 2023, Plaintiff Donald J. Sousa filed a civil action in the Thirteenth Judicial District Court of Sandavol County of New Mexico styled *Donald J. Sousa v. Chipotle Mexican Grill, LLC*, Case No. D-1329-CV-2023-01219 (the "State Court Action"). A copy of Plaintiff's Complaint, is attached hereto as **Exhibit A**.

---

[1] Chipotle Mexican Grill, Inc. appears to have been incorrectly captioned as Chipotle Mexican Grill, LLC. Chipotle Mexican Grill, LLC does not exist. Further, Chipotle Mexican Grill, Inc. would not have been a proper party to this lawsuit because it did not employ Plaintiff; only Chipotle Services, LLC employed Plaintiff.

[2] Chipotle appears here in the exercise of its rights of removal under federal law. Chipotle reserves all procedural, substantive, and other defenses, arguments, and claims available in response to the Complaint.

2.      Plaintiff's Complaint asserts claims for age discrimination and wrongful termination in violation of the New Mexico Human Rights Act, NMSA 1978, § 28-1-7(A). (Ex. A, Complaint ¶¶ 14–15.)

3.      Chipotle hereby removes this action, invoking the Court's diversity jurisdiction and proper venue in this judicial district, as set forth more fully below.

## II.    REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP JURISDICTION

4.      Removal of this case is proper under 28 U.S.C. §§ 1332 and 1441(b) because this court has original jurisdiction over this civil action where there is complete diversity of citizenship between the actual parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.    __The Parties are Completely Diverse.__

5.      Upon information and belief, Plaintiff resided in the State of New Mexico at the time he filed the State Court Action and has remained so through the filing of this Notice. (Ex. A, Complaint ¶ 1 (alleging Plaintiff resides in Sandoval County, New Mexico).)

6.      Defendant Chipotle Mexican Grill, Inc. is of the sole member of Chipotle Services, LLC that employs restaurant workers nationwide. Chipotle Mexican Grill, Inc. is incorporated under the laws of the State of Delaware and has its principal business in the State of California (more specifically, 610 Newport Center Drive, Suite 1100, Newport Beach, CA, 92660). Therefore, Chipotle Mexican Grill, Inc. and Chipotle Services, LLC are citizens of the States of Delaware and California for the purposes of diversity jurisdiction under 28 U.S.C § 1332(c)(1).

7.      Accordingly, there is complete diversity of citizenship between the actual and proper parties to this action, specifically, between Plaintiff and Defendant Chipotle Mexican Grill,

Inc., including the proper employer in this action, Chipotle Services, LLC, under 28 U.S.C. § 1332(a)(1).

**B.**    **The Amount in Controversy Exceeds $75,000.**

8.    As established in 28 U.S.C.A. § 1446, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If so required, the district court "should consider outside evidence and find by a preponderance of the evidence whether the amount in controversy is satisfied 'only when the plaintiff contests, or the court questions, the defendant's allegation.'" *Schmidt v. Int'l Playthings LLC*, 503 F. Supp. 3d 1060, 1083 (D.N.M. 2020) (quoting *Dart Cherokee Basin Operating Co., LLC,* 135 S. Ct. at 554).

9.    To establish the amount in controversy, "[a] defendant seeking removal may rely on the estimate of potential damages listed in the complaint, as well as 'contentions, interrogatories or admissions in state court ... by reference to the plaintiff's informal estimates or settlement demands ... or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demand.'" *Varela-Burciaga v. State Farm Mut. Auto. Ins. Co.*, No. 1:18-CV-01003-JHR-KK, 2019 WL 2366825, at *2 (D.N.M. June 5, 2019). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $ 75,000 can support removal," even though the numerical value might not be listed in the complaint itself." *Id.*

10.    Chipotle denies that Plaintiff states any viable claims and further denies that Plaintiff has suffered any harm or damages or is entitled to any relief.[3] Nevertheless, the allegations

---

[3] All averments regarding the amount in controversy herein are made solely for purposes of removal and in no way should be construed as an admission or concession by Chipotle with regard to the claims of liability or for damages or other relief asserted by Plaintiff. To the contrary,

in the Complaint and the nature of Plaintiff's claims are such that Chipotle reasonably and in good faith, avers that the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.     First, although Plaintiff does not specify the exact, minimum, or maximum monetary judgment he seeks to recover, he alleges that he seeks monetary relief in the forms of lost wages, compensatory damages, punitive damages, pre-and post-judgment interest, and attorneys' fees, in addition to "any such other and further relief as [the] court may deem just and proper." (Complaint, Ex. A, at 2, 3.)

12.     In pursuit of this relief, Plaintiff asserts claims for age discrimination and wrongful termination under the New Mexico Human Rights Act, NMSA 1978, § 28-1-7(A). (Ex. A, Complaint ¶¶ 14–15.) Plaintiff also contends that the Defendant's alleged wrongful conduct has caused Plaintiff significant financial loss, emotional distress, and loss of enjoyment of life. (Ex. A, Complaint ¶¶ 18.)

13.     Under the New Mexico Human Rights Act, a plaintiff can recover actual or compensatory damages, which often includes back pay and front pay, as well as attorney's fees. N.M. Stat. Ann. § 28-1-13D; *Gerald v. Locksley*, 785 F. Supp. 2d 1074, 1145 (D.N.M. 2011); *Bates v. New Mexico Corr. Dep't*, No. CIV 08-1013 JB RLP, 2010 WL 4339367, at *19 (D.N.M. Sept. 30, 2010).

14.     Here, Plaintiff contends he has experienced and continues to experience significant financial loss as a result of his March 2022 termination. (*See* Ex. A, Complaint ¶¶ 7, 18.) Since Plaintiff has not presented evidence demonstrating an attempt to mitigate his damages, the amount in controversy threshold will likely be satisfied through his claim for back pay alone. Not only

---

Chipotle denies all such claims and expressly reserves its right to respond to the Complaint and to assert all defenses available to it in this action.

4

this, but Plaintiff will also accrue at least $75,000 attorney's fees and costs through trial, which the Court is permitted to consider in combination with other facts and theories of recovery that may support establishing the amount in controversy threshold. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008); *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1247 (10th Cir. 2012) ("The preponderance of the evidence standard must be applied to all damages counted toward the total amount in controversy, including punitive damages.").

15.    Second, juries in the Tenth Circuit have returned six-figure verdicts in cases involving age discrimination. *Cortez v. Wal-Mart Stores, Inc.,* 460 F.3d 1268 (10th Cir. 2006) (where a jury assessed a $262,684 verdict for an age discrimination claim under the ADEA).[4]

16.    Finally, Plaintiff himself has demonstrated he values this claim to be above the amount in controversy threshold by submitting a settlement demand that is significantly above $75,000. *Swiech v. Fred Loya Ins. Co.*, 264 F. Supp. 3d 1113, 1133–34 (D.N.M. 2017) (stating "a plaintiff's proposed settlement amount 'is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim'") (quoting *McPhail,* 529 F.3d at 956).

17.    Therefore, by a preponderance of the evidence, the total potential recovery sought by Plaintiff in the Complaint and available for his claims under the New Mexico Human Rights Act exceeds $75,000, and as such, the requisite amount in controversy under 28 U.S.C. § 1332(a) is established.

---

[4] New Mexico courts often rely on federal law to interpret and analyze the New Mexico Human Rights Act. *Cates v. Regents of New Mexico Inst. of Min. & Tech.,* 1998-NMSC-002, ¶ 15, 124 N.M. 633, 637 (1998); *see also Gonzalez-Aller v. Governing Bd*., No. CV 17-639 KK/SCY, 2018 WL 6594230, at *9 (D.N.M. Dec. 14, 2018) (conducting an age discrimination claim under both ADEA and NMHRA under one analysis).

### III.   VENUE IS PROPER IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

18.    Under 28 U.S.C §§ 1441(a) and 1446(a), a case may be removed to the "district court of the United States for the district and division embracing the place where such action is pending." Plaintiff brought this action in the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico. Sandoval County, New Mexico is within the jurisdictional boundaries of the United States District Court for the District of New Mexico.

19.    Moreover, under 28 U.S.C. § 1391, a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Plaintiff's Complaint alleges acts of discrimination and wrongful termination relating to one of the Chipotle restaurants he oversaw. This restaurant is located at 2608 Central Ave SE, Albuquerque, New Mexico 87106, and is within this judicial district.

20. Therefore, removal to and venue in this Court is proper.

### IV.    REMOVAL IS PROCEDURALLY PROPER

21.    This Notice of Removal is timely under 28 U.S.C § 1446(b). The Complaint was filed on August 16, 2023, and purportedly served on August 21, 2023, by electronic service of process and certified mail. (Ex. A, Notice of Service of Process.) Because removal is made within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C § 1446(b)(1); *Murphy Bros., Inc v. Michetti Pipe Stringing, Inc*., 526 U.S 344, 347 (1999).

22.    The United States District Court for the District of New Mexico encompasses the place where this action was originally filed. *See* 28 U.S.C. § 1446(a).

23.    Pursuant to 28 U.S.C. § 1446(a), Plaintiff's Complaint filed in the State Court Action are attached to this Notice of Removal as **Exhibit A**.

24.    The summons issued in the State Court Action is attached hereto as **Exhibit B.**

6

25.     Plaintiff's jury demand filed in the State Court Action is attached hereto as **Exhibit C.**

26.     Chipotle will concurrently file a Notice of Filing of Notice of Removal with the clerk of the state court in which the State Court Action was pending and serve a copy on Plaintiff pursuant to 28 U.S.C § 1446(a) and (d). Attached hereto as **Exhibit D** is a copy of the Notice of Filing of Notice of Removal, excluding exhibits.

27.     A completed Civil Cover Sheet is attached hereto.

28.     Chipotle has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

29.     Pursuant to D.N.M. LR-Civ. 81.1(a), copies of all other records and proceedings from the state court action, if any, will be submitted within twenty-eight (28) calendar days of the filing of this Notice of Removal.

**V.     NON-WAIVER OF DEFENSES**

30.     By filing this Notice of Removal, Chipotle does not waive any defenses available to it. Chipotle does not admit, and in fact specifically denies, that the Complaint states a claim upon which relief may be granted, or that Plaintiff is entitled to any damages, or any other relief sought in the Complaint.

**VI.     REQUEST FOR ADDITIONAL ARGUMENTS AND EVIDENCE IF NEEDED**

31.     As the party requesting removal, Chipotle's Notice of Removal has satisfied its obligation to provide a "short and plain statement of the grounds for removal." *Dart*, 574 U.S at 87 (citing 28 U.S.C. § 1446(a)). "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to

the matters of pleading.'" *Id.* Chipotle Mexican Grill, LLC has satisfied this standard here; however, should the Court so request, the factual allegations in this pleading will be supported by affidavit or other summary-judgment-type evidence.

32.    In the event Plaintiff files a motion or other request to remand, or the Court considers remand *sua sponte*, Chipotle reserves all rights to submit such additional arguments and/or evidence in support of removal as may be necessary or appropriate, including additional competent evidence as to the amount in controversy or diversity of citizenship.

WHEREFORE, on the grounds stated above, this action is removed to and should proceed in the United States District Court for the District of New Mexico.

Respectfully submitted,

Electronic Signature */s/ Carlos M. Quiñones*
Carlos M. Quiñones, Esq.
**QUIÑONES LAW FIRM LLC**
1223 S. Saint Francis Dr., Ste. C
Santa Fe, NM  87505-4053
(505) 992-1515
quinoneslaw@cybermesa.com

and

**MARTENSON, HASBROUCK & SIMON LLP**
Betsy Bulat, Esq.
Pro Hac Vice Application Forthcoming
2573 Apple Valley Road NE
Atlanta, Georgia 30319
bbulat@martensonlaw.com
404-909-8108

Maya S. Marshall, Esq.
Pro Hac Vice Application Forthcoming
2573 Apple Valley Road NE
Atlanta, Georgia 30319
mmarshall@martensonlaw.com
404-390-2387

*Counsel for Defendant Chipotle Mexican Grill*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 20, 2023, the foregoing **NOTICE OF REMOVAL** has

been sent via ECF notice and by email to Plaintiff's counsel as follows:

JONES LAW FIRM, LLC
8205 Spain Rd NE, Suite 111
Albuquerque, NM 87109
P: (505) 248-1400
F: (505) 557-3925


Alexandra W. Jones
ajones@joneslawabq.com

Ryne P. Smith
rsmithk@joneslawabq.com

*/s/ Carlos M. Quiñones*
Carlos M. Quiñones, Esq.